# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

SERGIO MANUEL QUITUIZACA
QUITUISACA,

       *Petitioner*,

   v.

PAM BONDI,
    in her official capacity as Attorney
    General of the United States;

JOSEPH FREDEN,
    in his official capacity as Field
    Office Director, Buffalo Field
    Office, U.S. Immigration &
    Customs Enforcement;

STEVEN KURZDORFER,
    In his official capacity as Acting
    Field Office Director, Buffalo Field
    Office, U.S. Immigration & Customs
    Enforcement;

TODD LYONS,
    In his official capacity as Acting
    Director, U.S. Immigration and
    Customs Enforcement,

KRISTI NOEM,
    In her official capacity as Secretary
    of the Department of Homeland
    Security.

       *Respondents.*

Civil Action No. 25-cv-956

VERIFIED PETITION FOR
WRIT OF HABEAS CORPUS
AND INCORPORATED
MEMORANDUM OF LAW

*Oral Argument Requested*

## PRELIMINARY STATEMENT

1.    Petitioner, Mr. Sergio Quituizaca Quituisaca ("Mr. Quituizaca"), seeks release from immigration detention pursuant to a valid order by an Immigration Judge granting him such release upon payment of a $4000 bond. For more than a month the Respondents have refused to comply with the Immigration Judge's order and have prevented the Petitioner from paying the $4000 bond to secure his release. Mr. Quituizaca's ongoing detention violates the authorizing statute and is a flagrant violation of the Petitioner's right to procedural due process.

2.    Mr. Quituizaca is a 27-year-old native of Ecuador who has lived in the United States since approximately November of 2016. The Petitioner is married to a United States Citizen and has a 3-year-old United States Citizen child. Exh. 1, Marriage Certificate and Naturalization Certificate; Exh. 2, Birth Certificate. Mr. Quituizaca is the beneficiary of a pending I-130, Petition for Alien Relative. Exh. 3, I-130 Receipt Notice.

3.    On July 29, 2025, Immigration and Customs Enforcement ("ICE") took the Petitioner into its custody and detained him at the Buffalo Federal Detention Facility in Batavia, New York. That same day, Petitioner was issued a Notice to Appear ("NTA") and placed into removal proceedings pursuant to 8 U.S.C. § 1229a. Exh. 4, Notice to Appear ("NTA"). Petitioner remains in removal proceedings before the Executive Office for Immigration Review ("EOIR").

4.    On August 13, 2025, an Immigration Judge ordered the Petitioner released upon payment of a $4000 bond. Exh. 5, IJ Bond Order. That same day, the Department of Homeland Security ("DHS"), filed form EOIR-43, Notice of Intent to Appeal Custody Redetermination, in an attempt to stay the IJ's order. Exh. 6, EOIR-43.

5.      Respondents claim that DHS' filing of form EOIR-43 automatically stayed the IJ's order and thus prohibits them from accepting payment of the Petitioner's bond. The automatic stay provision violates the Petitioner's rights to substantive and procedural due process.

6.      The government also erroneously contends that Mr. Quituizaca is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). This is a new policy argument that emerged after a decades long practice of acknowledging that similarly situated non-citizens are eligible for release under 8 U.S.C. § 1226(a). Per the plain language of the statute, 8 U.S.C. §1225(b)(2)(A) only applies to persons being inspected by immigration officers while seeking admission, where admission is defined as lawful entry into the United States.  8 U.S.C. § 1101(a)(13)(A).

7.      On September 5, 2025, without directly interpreting the statutory definition of "admission," the Board of Immigration Appeals issued *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025), holding that all non-citizens present without inspection, regardless of how many years they have been in the country, are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and thus ineligible for any consideration of their custody status. Pursuant to *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369 (2024), this Court is not bound by the Agency's interpretation of the INA. Federal Courts have already repeatedly recognized that the interpretation adopted in *Yajure Hurtado* is contrary to the statute. Many courts have determined that, pursuant to long-standing interpretation of the statute, immigration court respondents such as Mr. Quituizaca are entitled to consideration for bond pursuant to 8 U.S.C. § 1226(a)). *See Rodriguez v. Bostock,* et al., Case No. 3:25-cv-05240-TMC Preliminary Injunction (W.D. Wash., April 24, 2025).  Petitioner's detention is unlawful.

8. In denying the Petitioner's release, the Respondents violated the Petitioner's right under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), and agency regulations, 8 C.F.R. §§ 1003.19(a), 1236.1(d) to be released upon payment of a bond. Respondents' coordinated actions to hold Petitioner despite the IJ's order are not in accordance with law and violate Mr. Quituizaca's right to due process.

## THE PARTIES

9. Mr. Quituizaca is detained in the custody of ICE. As of the filing of this petition, he is being held at the Buffalo Federal Detention Facility, Batavia, New York. His custody and the governmental actions related to his removal are likewise controlled by the Buffalo Field office, which is located within this judicial district.

10. Respondent Pam Bondi is Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration and Naturalization Act ("INA"). As such, Acting Attorney General Bondi has ultimate custodial authority over Petitioner. Respondent Bondi's office is in the U.S. Department of Justice, 950 Pennsylvania Ave., Washington, DC 20530.

11. Respondent Joseph Freden is the Buffalo, NY Deputy Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. Respondent Freden's office is at either the Buffalo Federal Detention Facility, Batavia New York, or 250 Delaware Avenue, Floor 7, Buffalo, NY 14202 - both within this judicial district. He may alternatively be considered to be Petitioner's immediate custodian.

12. Respondent Steven Kurzdorfer is the Acting Field Office Director for the Buffalo, NY Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is the local ICE official who has authority over the Petitioner. *See Vasquez v.*

*Reno*, 233 F. 3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Kurzdorfer's office is at 250 Delaware Avenue, Floor 7, Buffalo, NY 14202.

13.     Respondent Todd Lyons is Acting Director, U.S. Immigration and Customs Enforcement. Respondent Lyons oversees immigration enforcement and detention. Respondent Lyons' office is 500 12th St SW, Washington, District of Columbia, 20536.

14.     Respondent Kristi Noem is Secretary of the U.S. Department of Homeland Security. This is the agency responsible for the administration of ICE and the implementation and enforcement of the INA. As such, DHS is the legal custodian of Petitioner. Respondent Noem's office is in the U.S. Department of Homeland Security, Washington, DC 20528.

15.     Petitioner's custody within this judicial district and the governmental actions related to his potential removal from the district are likewise controlled by Respondents Kurzdorfer, Lyons, and Noem.

## CUSTODY

16.     Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Facility ("BFDF") at 4250 Federal Drive, Batavia, New York 14020.  The Deportation Officer responsible for his case is stationed at BFDF. The Petitioner is under the direct care, custody, and control of Respondents and their agents.

## JURISDICTION & VENUE

I.     <u>SUBJECT MATTER JURISDICTION</u>

17.     This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration

Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104 - 208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

18.     This Court has jurisdiction under 28 U.S.C, § 2241, Art. I, § 9, el. 2 of the Constitution of the United States (the Suspension Clause) and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, the All Writs Act, 28 U.S.C. § 1651 and the Court's equitable habeas authority.

II.     PERSONAL JURISDICTION

19.     This Court has personal jurisdiction over Mr. Quituizaca's immediate custodian (who is physically within the district).

20.     A substantial part of the events or omissions giving rise to the claim occurred within the Western District; as it remains the geographic location of Mr. Quituizaca's civil immigration detention, along with the situs of all substantive decisions regarding his continuing custody continue to be made in Buffalo and / or Batavia, NY. 28 U.S.C. § 1391(e)(1)(B).

21.     All Respondents consequently have substantial contacts in this District and have consented to submit to this Court's Jurisdiction.

III.     VENUE

22.     Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky* venue lies in the United States District Court for the Western District of New York, the judicial district in which Petitioner is being detained. 410 U.S. 484, 493-500 (1973). Petitioner is being detained at the Buffalo Federal Detention Facility, which is under the jurisdiction of the ICE Field Office of

Buffalo, New York, which encompasses the area where Petitioner is being detained, pursuant to

28 U.S.C. § 1391.

## EXHAUSTION OF REMEDIES

I.     <u>PETITIONER IS NOT STATUTORILY REQUIRED TO EXHAUST ALL ADMINISTRATIVE REMEDIES.</u>

23.     No statutory exhaustion requirement applies to Petitioner's claims of unlawful

detention. *See Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014); *Louisaire v.*

*Muller,* 758 F. Supp. 2d 229, 234 (S.D.N.Y. 2010); *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 180

(S.D.N.Y. 2009).

II.     <u>PETITIONER HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES / NONE ARE AVAILABLE TO HIM</u>

24.     The Petitioner has no administrative options available to him which could provide

the relief he claims herein. As such, he has exhausted all options available to him.

III.     <u>EVEN IF ADMINISTRATIVE REMEDIES REMAINED OPEN, WHICH THEY DO NOT, PETITIONER'S CLAIM FALLS WITHIN EVERY EXCEPTION TO PRUDENTIAL REQUIREMENTS FOR EXHAUSTION</u>

25.     While Congress requires exhaustion for certain types of habeas petitions, it does

not for those, like Petitioner's, brought under 28 U.S.C. § 2241. *See James v. Walsh*, 308 F.3d 162,

167 (2d Cir. 2002) ("Section 2254(b)(1) requires state prisoners to exhaust all available state court

remedies before filing a Section 2254 petition, whereas Section 2241 contains no such exhaustion

requirement."). "Where Congress has not clearly required exhaustion, sound judicial discretion

governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). In exercising that discretion, courts

must balance the individual and institutional interests involved, taking into account "the nature of

the claim presented and the characteristics of the particular administrative procedure provided."

*Id.* at 146.

26.     Courts have held that individual interests demand that exhaustion be excused when (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) substantial constitutional questions are raised. *See Dir v. I.N.S.*, 301 F.3d 492, 498 (7th Cir. 2002); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Elwood v. Joel*, 386 F.3d 842, 844, n.1 (8th Cir. 2004).

27.     Requiring Petitioner to exhaust administrative remedies would be prejudicial for one simple reason: the agency purports to be unable to release him, as per its recent determination that Petitioner is subject to mandatory detention per 8 U.S.C. § 1225 rather than eligible for release under 8 U.S.C. § 1226(a). In addition, Petitioner brings constitutional claims in his petition, thus meeting an exception to the prudential exhaustion doctrine. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003); *United States v. Gonzalez-Roque*, 301 F. 3d 39, 48 (2d Cir. 2002) (the BIA "does not have jurisdiction to adjudicate constitutional issues.")

## FACTUAL ALLEGATIONS

28.     Mr. Quituizaca is a native of Ecuador who has been residing in the United States since approximately November of 2016. He is married to a United States citizen and has a three-year-old United States citizen child. Mr. Quituizaca is the beneficiary of a pending family-based petition.

29.     On July 8, 2025, DHS issued new policy instructing ICE to arrest and hold anyone it alleged to be inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), finding those noncitizens to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). This new policy is a significant

change from longstanding practice that permitted noncitizens such as Mr. Quituizaca to receive a custody redetermination from an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

30.    On July 29, 2025, while at work in Amherst, New York, Petitioner was apprehended by Immigration Officials and placed into ICE custody at the Buffalo Federal Detention Facility in Batavia, New York.

31.    On August 4, 2025, the Petitioner, through his immigration attorney, moved the Immigration Court for a custody redetermination pursuant to 8 § U.S.C. 1226(a).

32.    On August 13, 2025, upon consideration of the Petitioner's motion and evidence, including his marriage to a United States citizen, his young United States citizen child, and his lack of criminality, the Immigration Judge ordered Mr. Quituizaca released upon payment of a bond of $4000. The government reserved appeal of the Immigration Judge's decision.

33.    After the Immigration Judge ordered the Petitioner released upon payment of a $4000 bond, Mr. Quituizaca's family attempted to pay the bond but was advised that no payments would be accepted, as the government had filed form EOIR-43, Notice of Intent to Appeal Custody Redetermination, and in so doing had purportedly initiated an "automatic stay" of the IJ's bond order. Petitioner's family has tried repeatedly to pay the bond to obtain his release.

34.    On August 27, 2025, 14 days after the issuance of the bond order and the filing of form EOIR-43, the government filed its EOIR-26 Notice of Appeal, challenging the Immigration Judge's decision to grant bond and his authority to do so. In support of its appeal, the government included a brief that contains no specific mention of Mr. Quituizaca and which entirely lacks any individualized assessment of Mr. Quituizaca's case. Exh. 7, EOIR-26; Exh. 8, Respondent's Supplemental Brief.

35.     On September 5, 2025 the Board of Immigration Appeals issued *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025), implementing the Respondents' concerted policy goal of holding that all persons who entered without inspection are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

36.     As a result, Mr. Quituizaca (1) currently remains in immigration detention with no end in sight; (2) Mr. Quituizaca's detention persists despite the Immigration Judge's order that he be released upon payment of a bond (having found that no lawful purpose would be served by his detention); (3) the only impediments to Mr. Quituizaca's release are the automatic stay and the government's assertion that the law should suddenly be interpreted in a way that is diametrically opposed to its decades-old understanding of the statute, in a manner that many habeas courts have already held is simply incorrect as a matter of law.

## ARGUMENT

37.     The information provided by DHS thus far shows that its continuing detention of Mr. Quituizaca violates its own procedures, serves no lawful purpose, and violates Mr. Quituizaca's due process rights. Specifically: (1) Mr. Quituizaca is the subject of a facially valid order issued by the Immigration Judge granting him release upon payment of a bond pursuant to 8 U.S.C. 1226(a); (2) the automatic stay provision violates the Petitioner's substantive and procedural due process rights; and (3) the Petitioner is held in custody pursuant to 8 U.S.C. 1226(a), not 8 U.S.C. 1225, as alleged by the government.

I.      THE IJ'S BOND ORDER (RELEASING MR. QUITUIZACA UPON PAYMENT OF A CASH AMOUNT) REMAINS IN EFFECT; THE GOVERNMENT MAY NOT IGNORE IT TO CONTINUE ITS NOW UNLAWFUL DETENTION

38.     Pursuant to 8 U.S.C. § 1226(a), an Immigration Judge set a "bond" (more accurately described as cash bail): Mr. Quituizaca is to be released if $4000 is given to ICE to secure his

future attendance at removal proceedings. DHS and ICE personnel refuse to accept the bond amount and refuse to release Mr. Quituizaca. This violates the agency's own administrative decision.

II.    DHS' STAY VIOLATES PETITIONER'S RIGHT TO PROCEDURAL & SUBSTANTIVE DUE PROCESS - AND IS INVALID FOR THAT REASON

39.    The government's purported automatic stay violates the Petitioner's right to substantive and procedural due process. In recent weeks, multiple courts across the United States have found that the automatic stay provision under 8 C.F.R. § 1003.19(i)(2) violates due process. *See, e.g., Günaydin v. Trump*, No. 25- CV-01151, __ F.Supp.3d __, 2025 U.S. Dist. LEXIS 99237 (D. Minn. May 21, 2025) (finding the regulation violated procedural due process); *Anicasio v. Kramer*, No. 4:25CV3158, 2025 U.S. Dist. LEXIS 157236 (D. Neb. Aug. 14, 2025) (finding the regulation violated procedural and substantive due process). Litigation over the unconstitutionality of the automatic stay provision has been ongoing for over 20 years. *See, e.g., Ashley v. Ridge*, 288 F. Supp. 2d 662, 673 (D.N.J. 2003) (finding the regulation violated substantive and procedural due process); *Zavala v. Ridge*, 310 F. Supp. 2d 1071 (N.D. Cal. 2004) (finding the same); *Bezmen v. Ashcroft*, 245 F. Supp. 2d 446 (D. Conn. 2003) (finding the regulation violated substantive due process).

40.    The Second Circuit applies the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to assess procedural due process rights.

The three *Mathews* factors are: (1)"the private interest that will be affected by the official action"; (2)"the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3)"the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335, 96 S.Ct. 893. "The ultimate balance involves a determination as to when, under our constitutional system,

judicial-type procedures must be imposed upon administrative action." *Id.* at 348, 96 S.Ct.893.

*Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020). Here, the Petitioner's private interests involve "the most elemental of liberty interests—the interest in being free from physical detention by one's own government" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). His private interests are amplified because "civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979). Additionally, since his detention, Petitioner has been separated from his wife and three-year-old, both of whom are U.S. citizens.

41.     Courts across the country have found that the risk of erroneous deprivation of rights is high regarding the automatic stay regulation "because the only individuals adversely affected by this regulation are those detainees who have already prevailed in a judicial hearing. . . . Thus, the challenged regulation permits an agency official who is also a participant in the adversarial process to unilaterally override the immigration judge's decisions." *Günaydin*, 2025 U.S. Dist. LEXIS 99237 at *21.

42.     The historical context of the regulation is key to understanding the justification behind the automatic stay regulation. 8 CFR §1003.19(i)(2) was created in the wake of the 9/11 terror attacks, and the Department stated: "The immediate implementation of this interim rule without prior public comment is necessary to prevent the release of aliens who may pose a threat to national security and to provide a clear set of procedural rules of administrative procedure with respect to determining the custody conditions and bond status for aliens during the pendency of removal proceedings." Executive Office for Immigration Review; Review of Custody Determinations, 66 Fed. Reg. 54,909, 54,910 (Oct. 31, 2001). The first justification cannot apply

because DHS has not argued that Petitioner is dangerous, let alone a threat to national security. *See* Exh. 7-8, Notice of Appeal and Respondents' Supplemental Brief. This leaves the second justification, creating "a clear set of procedural rules" regarding custody redetermination." 66 Fed. Reg. at 54, 910. This reasoning similarly fails because, as noted above, the government's interest in detaining noncitizens— dangerousness or flight risk—is protected by the custody redetermination process. *See Hernandez-Lara v. Lyons, 10 F.4th 19, 27-35* (1st Cir. 2021). When other courts have considered this issue, there has been widespread support for finding the regulation is a violation of substantive due process because "the automatic stay provision renders the [IJ's] bail determination an empty gesture." *Ashley*, 288 F. Supp. 2d at 668.

III.   THE GOVERNMENT'S BRAND NEW ATTEMPT TO REINTERPRET THE DETENTION STATUTE (WHOSE MEANING HAS BEEN SETTLED FOR DECADES) IS SIMPLY INCORRECT: MR. QUITUIZACA IS NOT SUBJECT TO MANDATORY DETENTION

43.    The government's entire basis for continuing Mr. Quituizaca's detention is premised upon its recently acquired policy argument that the Immigration Judge completely lacked jurisdiction to consider the Petitioner's custody status.

44.    The government's attempts to turn a civil detention regime into a punitive one by rendering all non-citizens who entered without inspection (regardless of how long they have resided in the United States or where they were encountered) subject to mandatory detention is simply wrong as a matter of law. Several habeas courts have already determined that the Respondents' "mandatory detention" interpretation of 8 U.S.C. § 1225(b)(2)(A) is erroneous. See for example, an August 13, 2025 decision from the Southern District of New York, referencing findings made by the District of Massachusetts in July of 2025:

As discussed, mandatory detention under § 1225(b)(2)(A) applies to a noncitizen who meets three criteria: (1) one who is an "applicant for admission" (a "term of art" in the INA that includes noncitizens who "arrive[ ] in the United States," as well as those already "present in the United States who ha[ve] not been admitted," U.S.C. § 1225(a)(1)); (2) who is actively "seeking admission" to the country, and (3) whom an examining immigration officer determines "is not clearly and beyond a doubt entitled to be admitted." *Martinez*, —— F.Supp.3d at ——, 2025 WL 2084238, at *2 (quoting § 1225(b)(2)(A)). If, as Respondents argue, § 1225(b)(2)(A) were intended to apply to all "applicant[s] for admission," there would be no need to include the phrase "seeking admission" in the statute. That is, rather than stating that mandatory detention is required for any "applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted," § 1225(b)(2)(A) (emphasis added), the statute would instead provide for mandatory detention for any "applicant for admission, if the examining immigration officer determines that [the] alien is not clearly and beyond a doubt entitled to be admitted."

*Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

45.     Mr. Quituizaca is entitled to be released on the terms already set by the government's own adjudicator: payment of a $4,000 bond is sufficient to meet all of its lawful interests.

## CLAIMS FOR RELIEF

## COUNT 1: PETITION FOR WRIT OF HABEAS CORPUS TO ESTABLISH WHETHER MR. QUITUIZACA'S DETENTION IS LAWFUL; ORDER PETITIONER'S RELEASE IF IT IS NOT

46.     Mr. Quituizaca re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein and does so for all additional counts.

47.     The only justification Mr. Quituizaca has been provided for his ongoing detention is the government's utilization of the EOIR-43 automatic stay and its insistence that he is subject

to mandatory detention. He has been given no other basis justifying his detention in the circumstances. On that basis alone, he is entitled to habeas relief (whether pursuant to his statutory right or the suspension clause of the constitution). *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 117(2020) ("Habeas, […] is the appropriate remedy to ascertain ... whether any person is rightfully in confinement or not.")(internal citations omitted).

## COUNT 2: RESPONDENTS' ACTIONS VIOLATE THE ADMINISTRATIVE PROCEDURES ACT – 5 U.S.C. § 706(2)

48.     The Respondents' decision to detain Mr. Quituizaca in these circumstances violates the Administrative Procedures Act, insofar as it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, contrary to constitutional right, power, privilege, or immunity and / or without observance of procedure required by law. 5 U.S.C. § 706(2).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that the Court grant the following relief:

(1)    Assume jurisdiction over this matter;

(2)    Grant the Writ of Habeas Corpus;

(3)    Order the Petitioner's release from detention and;

(4)    Fashion such additional relief as is necessary and appropriate, including declaratory relief or other interim relief necessary to vindicate Petitioners' rights under U.S. and international law.

Dated:  September 30, 2025

_____
Grace E. Zaiman
*Attorney for Petitioner*
250 Mill St,
Rochester, NY 14614
Email: grace@zaimanlaw.com
Tel: 585-210-9868

**VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of the Petitioner because I am the Petitioner's attorney. I have discussed with the Petitioner the events described in this Petition. On the basis of those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.


Dated:  September 30, 2025

Grace E. Zaiman
*Attorney for Petitioner*
250 Mill St,
Rochester, NY 14614
Email: grace@zaimanlaw.com
Tel: 585-210-9868

*L9356470*

District Name **Buffalo**

# New York State Department of Health

District No. **1401**

# Certificate of Marriage Registration

Local Register No. **2177**

*This is to certify that the persons identified below were married on the date and at the place specified as shown by the duly registered license and certificate of marriage on file in this office.*

## Bride/Groom/Spouse

Name **Sergio Manuel Quituisaca Quituisaca**

First   Premarriage Middle   Premarriage Surname

Birth Surname (If different from premarriage surname)

☐ Check box if same as premarriage middle and surname

New Middle and/or Surname (If applicable)

Residing at **2805 Hopkins Rd, Buffalo, N Y 14228**

Date of Birth **05/15/1998**   Place of Birth **Cuenca, Ecuador**

Month  Day  Year   City, Town or Village/State or Country

Sex/Gender **Male**   (Optional)

## Bride/Groom/Spouse

Name **Elisa Maribel Zhirvi Yunga**

First   Premarriage Middle   Premarriage Surname

Birth Surname (If different from premarriage surname)

☐ Check box if same as premarriage middle and surname

New Middle and/or Surname (If appliable)

Residing at **2805 Hopkins Rd, Buffalo, N Y 14228**

Date of Birth **05/01/1996**   Place of Birth **Canar, Ecuador**

Month  Day  Year   City, Town or Village/State or Country

Sex/Gender **Female**   (Optional)

Date of Marriage **11/20/2024**   Place of Marriage **Buffalo**   **New York**

Month  Day  Year   City, Town or Village

**(SEAL)**   Town or City Clerk _____   11/25/2024

Month  Day  Year

☐ If checked, this marriage was a second or subsequent ceremony.

Do not accept this transcript unless the raised seal of the issuing locality is affixed hereon.
Any Alteration Invalidates This Certificate
See Reverse Side For A List of Security Features Used In This Form

DOH 436 (01/2023)

SEE REVERSE SIDE FOR LIST OF SECURITY FEATURES

# THE UNITED STATES OF AMERICA

# DEPARTMENT OF HOMELAND SECURITY

## CERTIFICATE OF NATURALIZATION

No. 42563625

Personal description of holder as of date of naturalization:

Date of birth: MAY 01, 1996

Sex: FEMALE

Height: 5 feet 01 inches

Marital status: SINGLE

Country of former nationality:
ECUADOR

USCIS Registration No.: A206 308 801

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me)

(Complete and true signature of holder)

Be it known that, pursuant to an application filed with the Secretary of Homeland Security

at: HARTFORD, CONNECTICUT

The Secretary having found that:

ELISA MARIBEL ZHIRVI YUNGA

residing at:
WATERBURY, CONNECTICUT

having complied in all respects with all of the applicable provisions of the naturalization laws of the United States, being entitled to be admitted as a citizen of the United States, and having taken the oath of allegiance at a ceremony conducted by

U.S. CITIZENSHIP AND IMMIGRATION SERVICES

at: HARTFORD, CONNECTICUT on: FEBRUARY 26, 2024

such person is admitted as a citizen of the United States of America

U. S. Citizenship and Immigration Services

ALTERATION OR MISUSE OF THIS DOCUMENT IS A FEDERAL OFFENSE AND PUNISHABLE BY LAW



# STATE OF CONNECTICUT
## CERTIFICATION OF VITAL RECORD

# DEPARTMENT OF PUBLIC HEALTH

### CERTIFICATE OF LIVE BIRTH

SFN: 2022-07-002515

| Child's Name (first) | (middle) | (last) |
|---|---|---|
| DAVID | | QUITUIZACA ZHIRVI |

| Sex: | Date of Birth: | Time of Birth: | Weight: |
|---|---|---|---|
| MALE | JANUARY 20, 2022 | 11:40 PM | 6 LBS 4 OUNCES |

| Birthplace: | | Town of Birth: | County of Birth: |
|---|---|---|---|
| HARTFORD HOSPITAL | | HARTFORD | HARTFORD |

| Parent A Name (first) | (middle) | (last) |
|---|---|---|
| BLISA | MARIBEL | ZHIRVI YUNGA |

| Parent A Previous Name: (first) | (middle) | (last) |
|---|---|---|
| BLISA | MARIBEL | ZHIRVI YUNGA |

| Parent A Birth State or Foreign Country: | ECUADOR | Parent A Date of Birth or Age: | MAY 04, 1996 |
|---|---|---|---|

| Parent A Residence Street: | | Town: | State or Foreign Country: | Zip: |
|---|---|---|---|---|
| 107 DIXIE AVE 1ST FL | | WATERBURY | CONNECTICUT | 06706 |

| Parent B Name (first) | (middle) | (last) |
|---|---|---|
| SERGIO | MANUEL | QUITUIZACA QUITUISACA |

| Parent B Birth State or Foreign Country: | ECUADOR | Parent B Date of Birth or Age: | MAY 15, 1990 |
|---|---|---|---|

| Certifier's Name: | | Title: | Date Certified: |
|---|---|---|---|
| AMY M JOHNSON | | MD | JANUARY 29, 2022 |

| Certifier's Address: | 80 SEYMOUR STREET, HARTFORD, CONNECTICUT, 06102 |
|---|---|

| Registered By: | | | Title |
|---|---|---|---|
| NOEL F. MCGREGOR, JR. | | | TOWN REGISTRAR |

| Date Registered: | | Place Registered |
|---|---|---|
| FEBRUARY 02, 2022 | | HARTFORD |

*I HEREBY CERTIFY THAT THIS IS A TRUE CERTIFICATE OF LIVE BIRTH ISSUED FROM THE OFFICIAL RECORDS ON FILE.*

| Date Issued: | Place of Issuance: |
|---|---|
| OCTOBER 12, 2022 | STATE OF CONNECTICUT |

SIGNATURE OF ISSUING REGISTRAR

*This is not a legal document unless displaying a raised seal and a signature of the Issuing Registrar.*



ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE
VOID VOID VOID

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

| THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT. |
| --- |

| NOTICE TYPE | | NOTICE DATE |
| --- | --- | --- |
| Receipt | | April 28, 2025 |
| **CASE TYPE** | | **USCIS ALIEN NUMBER** |
| I-130, Petition for Alien Relative | | A206308801 |
| **RECEIPT NUMBER** | **RECEIVED DATE** | **PAGE** |
| IOE0931545964 | April 24, 2025 | 1 of 1 |
| **PRIORITY DATE** | **PREFERENCE CLASSIFICATION** | **DATE OF BIRTH** |
| April 24, 2025 | 201 B INA SPOUSE OF USC | May 01, 1996 |

**PAYMENT INFORMATION:**

ELISA M. ZHIRVI YUNGA
C/O MA NESSA BAUTISTA MUNOZ LAW OFFICES OF ANDRE
164 WEST 25TH STREET STE 7F
NEW YORK, NY 10001

4    00000931

| Application/Petition Fee: | $675.00 |
| --- | --- |
| Total Amount Received: | $675.00 |
| Total Balance Due: | $0.00 |

APPLICANT/PETITIONER NAME AND MAILING ADDRESS

We have received your form and are currently processing the above case for the following beneficiaries:

```
Name                              Date of Birth    Country of Birth    Class (If Applicable)
QUITUIZACA QUITUISACA, SERGIO     5/15/1998        ECUADOR
```

If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**
USCIS
Texas Service Center
6046 N. Beltline Rd STE. 110
Irving, TX 75038

**USCIS Contact Center Number:**
(800)375-5283
ATTORNEY COPY




If this is an interview or biometrics appointment notice, please see the back of this notice for important information.        Form I-797C 10/13/21

DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

DOB: 05/15/1998

Event No: BUF2507000120

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 399532371     FINS: 1384785242     File No: 240 131 792

In the Matter of:

Respondent: SERGIO QUITUIZUCA-QUITUISUCA     currently residing at:

4250 Federal Dr Batavia, NEW YORK 140201094     (585) 344-6500
        (Number, street, city, state and ZIP code)     (Area code and phone number)

[ ] You are an arriving alien.

[X] You are an alien present in the United States who has not been admitted or paroled.

[ ] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of ECUADOR and a citizen of ECUADOR;

3. You entered the United States at or near an unknown place, on or about an unknown date;

4. You were not then admitted or paroled after inspection by an Immigration Officer.

5. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the   See Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:    [ ] 8CFR 208.30    [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

4250 FEDERAL DR, RM F108 BATAVIA, NEW YORK 14020. EOIR SPC Batavia, NY
     (Complete Address of Immigration Court, including Room Number, if any)

on September 9, 2025 at   9:00 am   to show why you should not be removed from the United States based on the
    (Date)       (Time)

charge(s) set forth above.      DEREK FIDELI   SDDO
               (Signature and Title of Issuing Officer)

Date:   July 29, 2025         Buffalo, New York
                       (City and State)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent)*

_____
*(Signature and Title of Immigration Officer)*

Date: _____

### Certificate of Service

This Notice To Appear was served on the respondent by me on **7/29/25** , in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person   [ ] by certified mail, returned receipt # _____ requested   [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[ ] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the **SPANISH** language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

*Refusel to Sign*

_____
*(Signature of Respondent if Personally Served)*

P.O. Kirchmyer

M 0601 LAMOREAUX - DO

_____
*(Signature and Title of officer)*

DHS Form I-862 (6/22)

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

Uploaded on: 08/28/2025 at 01:08 PM (Eastern Daylight Time) Base City: BUF

**U.S. Department of Homeland Security**    **Continuation Page for Form** I-862

| Alien's Name | File Number | Date |
|---|---|---|
| QUITUIZUCA-QUITUISUCA, SERGIO | 240 131 792<br>Event No: BUF2507000120 | 07/29/2025 |

THE SERVICE ALLEGES THAT YOU:
--------------------------------------------------------------------------------

Immigration and Nationality Act.


ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED
STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
--------------------------------------------------------------------------------

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien
present in the United States without being admitted or paroled, or who arrived in the United
States at any time or place other than as designated by the Attorney General.

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant
who, at the time of application for admission, is not in possession of a valid unexpired
immigrant visa, reentry permit, border crossing card, or other valid entry document required
by the Act, and a valid unexpired passport, or other suitable travel document, or document
of identity and nationality as required under the regulations issued by the Attorney General
under section 211(a) of the Act.

| Signature | Title |
|---|---|
| DEREK FIDELI | SDDO |

                                                    4   of    4    Pages

Form I-831 Continuation Page (Rev. 08/01/07)

EOIR - 4 of 4



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BATAVIA IMMIGRATION COURT**

Respondent Name:

   QUITUIZACA QUITUISACA, SERGIO
   MANUEL

To:

   Bautista, Ma. Nessa Macatlang
   164 West 25th Street
   Suite 7F
   New York, NY 10001

A-Number:
240-131-792
Riders:
In Custody Redetermination Proceedings

Date:
08/13/2025

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☐   Denied, because

☑   Granted. It is ordered that Respondent be:
   ☐   released from custody on his own recognizance.
   ☑   released from custody under bond of $ 4,000.00
   ☐   other:

☐   Other:

Immigration Judge: Rey Caldas, Carmen 08/13/2025

Appeal:   Department of Homeland Security: ☐ waived  ☑ reserved
          Respondent:                     ☑ waived  ☐ reserved
Appeal Due:

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : QUITUIZACA QUITUISACA, SERGIO MANUEL | A-Number : 240-131-792

Riders:

Date: 08/13/2025 By: WARD, FELICIA, Court Staff

Filed BIA on 08/27/2025 at 03:02:47 PM (Eastern Daylight Time) Base City: BTV

**U.S. Department of Justice**
Executive Office for Immigration Review

**Notice of ICE Intent to Appeal Custody Redetermination**

Date: __August 13, 2025__

Alien Number: __240131792__

Alien Name: __QUITUIZACA QUITUISACA, SERGIO MANUEL__

1. Immigration and Customs Enforcement (ICE) has:

   ☒ a. Held the respondent without bond.

   ☐ b. Set the respondent's bond at $ _____ .

2. The Immigration Judge on __August 13, 2025__
   (Date)

   ☒ a. Authorized the respondent's release.

   ☒ b. Redetermined the ICE bond to $ __$4,000__ .

3. Filing this form on __August 13, 2025__ _____ automatically stays the
   (Date)

   Immigration Judge's custody redetermination decision. See 8 C.F.R. §1003.19(i)(2).

4. The stay shall lapse if ICE does not file a notice of appeal along with appropriate certification within ten business days of the issuance of the order of the Immigration Judge, or upon ICE's withdrawal of this notice, or as set forth in 8 C.F.R. §1003.6(c)(4) and (5).
   See 8 C.F.R. §1003.6(c)(1).

__Andrew S. Criado__
ICE Counsel

I, __Andrew S. Criado__ , served the Notice of ICE Intent to Appeal Custody Redetermination on
   (Name)

__Ma Nessa Bautista Munoz via ECAS__ , on __August 13, 2025__ .
   (Respondent or Respondent's Representative)           (Date)

*Andrew S. Criado*
Signature

Form EOIR-43
Rev. Oct. 2006

EOIR – 27o6f128

A240131792

## EOIR-43 Senior Legal Official Certification

I certify that I have approved the filing of the notice of appeal in this case according to review procedures established by U.S. Immigration and Customs Enforcement, Department of Homeland Security.

I further certify that I am satisfied that the evidentiary record supports the contentions justifying the continued detention of the alien and the legal arguments are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing precedent or the establishment of new precedent.

**CAROL G BRIDGE**
Digitally signed by CAROL G BRIDGE
Date: 2025.08.26 16:33:00 -04'00'

_____
Date

Carol G. Bridge
Chief Counsel
U.S. Immigration and Customs Enforcement

Filed at BIA on: 08/27/2025 at 03:00:57 PM (Eastern Daylight Time)

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002
**Notice of Appeal from a Decision of an Immigration Judge**

---

**1.** *Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.*

List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

QUITUIZACA QUITUISACA, SERGIO MANUEL
240-131-792

For Official Use Only

**!** **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

**2.** I am ☐ the Respondent/Applicant ☒ DHS-ICE *(Mark only one box.)*

**3.** I am ☒ DETAINED ☐ NOT DETAINED *(Mark only one box.)*

**4.** My last hearing was at Batavia Immigration Court, Batavia, NY _____ *(Location, City, State)*

**5.** **What decision are you appealing?**

*Mark only one box below.* If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).

☐ I am filing an appeal from the Immigration Judge's decision *in merits* proceedings (example: removal, deportation, exclusion, asylum, etc.) dated_____.

☒ I am filing an appeal from the Immigration Judge's decision *in bond proceedings* dated August 13, 2025 _____. (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court? ☒ Yes. ☐ No.)

☐ I am filing an appeal from the Immigration Judge's decision *denying a motion to reopen or a motion to reconsider* dated_____.

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

EOIR – 1 of 28

**Page 1 of 3**

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

6. **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

Please see ATTACHMENT TO FORM EOIR-26 AND MEMORANDUM OF LAW

*(Attach additional sheets if necessary)*

**! WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

7. Do you desire oral argument before the Board of Immigration Appeals? ☐ Yes ☒ No

8. Do you intend to file a separate written brief or statement after filing this Notice of Appeal? ☐ Yes ☒ No

9. If you are unrepresented, do you give consent to the BIA Pro Bono Project to have your case screened by the Project for potential placement with a free attorney or accredited representative, which may include sharing a summary of your case with potential attorneys and accredited representatives? *(There is no guarantee that your case will be accepted for placement or that an attorney or accredited representative will accept your case for representation)* ☐ Yes ☐ No

**! WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.

If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

10. **Print Name:** Andrew S. Criado

11. **Sign Here:** ▶ X ANDREW S CRIADO  Digitally signed by ANDREW S CRIADO Date: 2025.08.27 14:23:32 -04'00'   **8/27/2025**

Signature of Person Appealing
*(or attorney or representative)*
Date

EOIR – 2 of 28

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

**12.**

| Mailing Address of Respondent(s)/Applicant(s) | Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|---|
| QUITUIZACA QUITUISACA, SERGIO MANUEL | Bautista, Ma. Nessa Macatlang |
| (Name) | (Name) |
| 4250 Federal Drive | 164 West 25th Street |
| (Street Address) | (Street Address) |
| | Suite 7F |
| (Apartment or Room Number) | (Suite or Room Number) |
| Batavia, NY 14020 | New York, NY 10001 |
| (City, State, Zip Code) | (City, State, Zip Code) |
| (Telephone Number) | (Telephone Number) |

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**13.**

### PROOF OF SERVICE (You Must Complete This)

I _____ mailed or delivered a copy of this Notice of Appeal
  (Name)

on _____ to _____
  (Date)           (Opposing Party)

at _____
  (Number and Street, City, State, Zip Code)

☒ No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

| SIGN HERE ➤ | X ANDREW S CRIADO | Digitally signed by ANDREW S CRIADO Date: 2025.08.27 14:24:17 -04'00' |
|---|---|---|
| | Signature | |

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee payment receipt, fee, or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

### HAVE YOU?

☐ Read all of the General Instructions.
☐ Provided all of the requested information.
☐ Completed this form in English.
☐ Provided a certified English translation for all non-English attachments.
☐ Signed the form.

☐ Served a copy of this form and all attachments on the opposing party, if applicable.
☐ Completed and signed the Proof of Service
☐ Attached the required fee payment receipt, fee, or Fee Waiver Request.
☐ If represented by attorney or representative, attach a completed and signed EOIR-27 for each respondent or applicant.

**Page 3 of 3**

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026