UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SERGIO MANUEL QUITUIZACA
QUITUISACA,

        Petitioner,

   v.

PAM BONDI, in her official capacity as
Attorney General of the United States, et al.

        Respondents.
_____

**ORDER**

6:25-CV-6527-EAW

    Petitioner Sergio Manuel Quituizaca Quituisaca ("Petitioner") is a civil immigration detainee held at the Buffalo Federal Detention Facility in Batavia, New York. Petitioner claims that he is being detained in United States Immigration and Customs Enforcement custody pending removal proceedings in violation of the United States Constitution and seeks relief under 28 U.S.C. § 2241. (Dkt. 1).

    Petitioner was arrested and taken into custody by Immigration and Customs Enforcement officers on July 29, 2025, and placed into removal proceedings pursuant to 8 U.S.C. § 1229a. (*Id.* at ¶ 3). On August 13, 2025, an immigration judge ("IJ") ordered Petitioner's release upon payment of a $4,000 bond. (*Id.* at ¶ 4; Dkt. 1-5). The same day, the Department of Homeland Security filed form EOIR-43, Notice of Intent to Appeal Custody Redetermination, which Respondents contend triggered an automatic stay of the

IJ's release order. (Dkt. 1 at ¶¶ 4, 5). Petitioner filed the instant habeas petition on September 30, 2025.

In response to Petitioner's habeas petition, Respondents filed a motion to dismiss, arguing that because Petitioner entered the country without inspection or admission, he remains an applicant for admission pursuant to 8 U.S.C. § 1225(b), which mandates that he be detained in immigration custody. (Dkt. 12). Petitioner contends that his detention arises pursuant to 8 U.S.C. § 1226(a), which provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States," and that after such arrest, the Attorney General may detain the individual or release them on a bond with conditions or on conditional parole. *See* 8 U.S.C. § 1226(a)(1)-(2). Respondents filed a supplemental submission on November 5, 2025, advising the Court that on November 4, 2025, the Board of Immigration Appeals also granted a discretionary stay of the IJ's release order. (Dkt. 14). Oral argument was heard on November 12, 2025. At oral argument it was confirmed that Petitioner remains detained, notwithstanding the IJ's release order, by virtue of both the automatic stay and the discretionary stay.

For the reasons that will be set forth in a more detailed decision to be issued in due course, Respondents' motion to dismiss is denied and the petition is granted to the extent it seeks an order requiring that the terms of the IJ's release order be enforced. Petitioner is ordered to be released from custody once bond is satisfied consistent with the terms of the IJ's release order. (*See* Dkt. 1-5). The parties are directed to file a status update on or before November 21, 2025.

SO ORDERED.

                                                      _____
                                                      ELIZABETH A. WOLFORD
                                                      CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT

Dated:       November 12, 2025
                Rochester, New York